UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA KAY STERMER,

      Petitioner,                            Civil Action No. 2:12-cv-14013

v.                                            Honorable Arthur J. Tarnow

MILLICENT WARREN,

      Respondent.

_____/

**OPINION AND ORDER HOLDING IN
ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS,
ADMINISTRATIVELY CLOSING THE CASE, AND DENYING THE
MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE AS MOOT**

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Linda Kay Stermer is incarcerated by the Michigan Department of Corrections, currently housed at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, where she is serving a life sentence for the murder of her husband, Todd Stermer, on January 7, 2007. Petitioner was convicted on January 13, 2010, following a six-day jury trial in the Circuit Court in Van Buren County, Michigan. She was sentenced on February 8, 2010. The state appellate courts affirmed her conviction and sentence. *People v. Stermer*, No. 297057, 2011 WL 2507848, at *1, 4 (Mich. Ct. App. June 23, 2011); *People v. Stermer*, 490 Mich. 913, 805 N.W.2d 434 (2011) (Table).

On September 11, 2012, Petitioner filed this habeas petition, *pro se*, alleging the following three claims: (1) her rights under the Fourth Amendment were violated, (2) the trial court erred in denying her motion for a directed verdict (because there was insufficient

evidence to support her conviction), and (3) the verdict was against the great weight of the evidence. Because the Court finds that Petitioner has failed to exhaust her Fourth Amendment claim in the state courts, the Court will hold the petition in abeyance and stay the proceedings under the terms outlined in this opinion, so that she may return to the state courts to exhaust her additional claim. The Court will also administratively close the case.

## I. Background

Following Petitioner's sentencing, she filed an appeal of right with the Michigan Court of Appeals, raising claims concerning her bindover and the trial court's decision in denying her motion for a directed verdict and a new trial. On June 23, 2011, the Court of Appeals affirmed her conviction and sentence. *Stermer*, 2011 WL 2507848, at *1, 4. Subsequently, Petitioner filed an application for leave to appeal that decision with the Michigan Supreme Court, raising the same claims raised in the Court of Appeals. On November 21, 2011, the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by this Court." *Stermer*, 490 Mich. 913, 805 N.W.2d 434.

Petitioner neither filed a petition for certiorari with the United States Supreme Court nor a motion for relief from judgment with the state trial court. Rather, she filed the pending habeas petition.

## II. Discussion

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

(before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies).   The doctrine of exhaustion of state-court remedies requires the petitioner to "fairly present" his or her claims as federal constitutional issues in the state courts before raising them in a federal habeas-corpus petition.   28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000).   "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'"   *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan*, 526 U.S. at 845).   A prisoner "'fairly presents' his [or her] claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."   *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).   A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas-corpus relief.   *See Woodford*, 548 U.S. at 92.   The petitioner bears the burden of showing that state-court remedies have been exhausted.   *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A federal district court has discretion to stay a habeas petition to allow a petitioner to present her unexhausted claim or claims to the state courts in the first instance and then return to federal court on her perfected petition.   *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).   Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state-court remedies

3

before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. She may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue her unexhausted issue or issues in the state appellate courts as necessary. Staying a habeas-corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition and therefore will stay Petitioner's habeas petition.

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court should place reasonable time limits on a petitioner's trip to state court and back. To ensure that Petitioner does not delay in exhausting her state-court remedies, the Court imposes upon her time limits within which she must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present her claim or claims in state court within sixty days from the date of this order. *See id.* Further, she must ask this Court to lift the stay within sixty days of exhausting her state-court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* 781 (internal quotation omitted).

4

## III.  Conclusion

Accordingly, it is ORDERED that the petition for writ of habeas corpus is held in abeyance pending exhaustion of Petitioner's claim.  Petitioner shall file a motion for relief from judgment in state court within sixty days from the date of this order and a motion to lift the stay and amended petition in this Court within sixty days after the conclusion of the state-court proceedings.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Given the Court's decision, is it further ORDERED that Respondent's "Motion for Extension of Time to File Response/Reply" [ECF No. 9] is DENIED as moot.

SO ORDERED.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

DATED: December 10, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify on December 10, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 10, 2012: **Linda Stermer**.

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182

5