UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA STERMER,

    Petitioner,

-v-                                      Case No. 2:12-CV-14013
                                             HON. ARTHUR J. TARNOW

MILLICENT WARREN,

    Respondent.
_____/

## AMENDED PETITION SEEKING HABEAS CORPUS RELIEF

Petitioner LINDA STERMER by and through her attorney, Sheldon Halpern, pursuant to 28 U.S.C. §2241 and 28 U.S.C. §2254, petitions this Honorable Court to grant him a Writ of Habeas Corpus, and states:

1. Petitioner LINDA STERMER is a citizen of the State of Michigan, who is currently confined at the Women's Huron Valley Correctional Facility, under the control of the Michigan Department of Corrections; at the time of Petitioner's pro per filing in 2012, the warden was Millicent Warren, the current warden is Anthony Stewart.

2. Petitioner Linda Stermer was charged with premeditated murder and felony murder, (arson), arising out of the January 7, 2007 death of Todd Stermer during a fire of the Stermer home, which was still under construction, in Van Buren Circuit Court. On January 13, 2010, Petitioner Stermer was convicted by a jury on both charges. On February 8, 2010, Judge William C. Buhl vacated the premeditated murder conviction, and sentenced Petitioner to life for the felony murder conviction.

1

3. The Michigan Court of Appeals considered her claims of: improper bind-over after preliminary examination; insufficient evidence; and, verdict against great weight of evidence based upon doctrine of chances where the victim, Todd Stermer, had two previous residences which also had been destroyed by fire, and affirmed her conviction June 23, 2011, docket no. 297057. The Michigan Supreme Court denied leave November 21, 2011, in docket no 143546. Habeas relief was sought in this Court, *Stermer v Warren*, 12-cv-14013-AJT-DRG.

4. On December 10, 2012, this Court entered an Opinion and Order holding the Petition for Habeas Corpus in abeyance to permit Petitioner to raise issues using State of Michigan post-conviction procedures made and providing for collateral attack of her conviction. (R. 10).

5. On July 13, 2013, Petitioner filed a pro per Motion for relief from judgment raising issues of ineffective assistance of appellate counsel, ineffective assistance of counsel; prosecutorial misconduct, and, constitutional error in allowing incompetent and unreliable opinion testimony that misled the jury. The trial court denied the Motion March 6, 2014.

6. Appeal was sought with the Michigan Court of Appeals and denied by Order of December 11, 2014 in docket no. 323443. Motion for Reconsideration was denied on February 19, 2015. Petitioner sought leave to appeal with the Michigan Supreme Court and was denied by Order on November 24, 2015 in docket no. 150997.

7. **Issue I Insufficient Evidence.** Petitioner was convicted of murder of Todd Daniels, during the underlying felony of arson. The prosecutor demonstrated a

fire had occurred and then presented non-scientific opinions that were inadequate to demonstrate the fire was intentionally set. More to the point, those non-scientific opinions only suggested the fire was intentionally set, but provided no indication of who had set the fire.

8. This was a circumstantial case where the forensic pathologist determined death was from thermal injuries and smoke inhalation and the manner of death was "undetermined", as there was an insufficient basis to conclude homicide, yet the local authorities opined the fire was intentionally set based upon simplistic and antiquated folk lore that scientific method has repudiated.

9. The physical evidence consisted of canine detection, which did not reveal the presence of an accelerant, and testing of fire samples with a mass spectrometer which did not reveal the presence of an accelerant. Clothing samples were taken from Petitioner for testing and none were found. The victim's clothes were tested and gasoline vapors were found. The burns sustained by Todd Stermer suggested that his hands had literally caught on fire.

10. The claim that the fire was intentionally set was made by the fire marshal based exclusively upon the speed and intensity of the fire for which he had assumed was of a house fully constructed with completed walls, ceilings and flooring; however that presumption was false in this case and the fire marshal conceded that an unfinished house would burn quicker than normal due to the lack of available materials to fuel the fire.

11. *Jackson v. Virginia,* 443 U. S. 307, 314 (1979) requires proof on each

element of the charged offense to sustain a conviction, and the evidence submitted to Petitioner's jury was insufficient.

12. Stated another way, where the proofs, taken most favorably to the prosecutor, present no more than a choice between competing probabilities, a judgment of acquittal must enter. *U.S. v Saunders*, 325 F 2d 840 (CA 6, 1964), and *U.S. v Leon*, 534 F2d 667 (CA 6, 1976).

13. Petitioner submits the state court appellate ruling was an objectively unreasonable application of established law, and, an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, meriting relief pursuant to 28 U.S.C. § 2254(d).

14. **Issue II. Denial of due process**. Petitioner submits Scott Leroy was not qualified to express an expert opinion on the cause and origin of the fire; or any opinion when based upon inherently unreliable and incompetent evidence that constituted nothing more than a guess or hunch lacking any methodology and application of scientific method.

15. Petitioner claims the jury should not have been exposed to the testimony and opinion of Fire Marshall Leroy, and such exposure denied a fair trial and due process. In this case, Fire Marshal Leroy did more than deviate and ignored *NFPA 921* standards when conducting his investigation and never should have been allowed to testify as an expert in the first place. Even if his testimony was relevant, its admission was so prejudicial, it violated due process.

16. "[W]hen evidence is so extremely unfair that its admission violates

fundamental conceptions of justice, *Dowling v. United States,* 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) (internal quotation marks omitted), have we imposed a constraint tied to the Due Process Clause". *Perry v. New Hampshire,* 132 S. Ct. 716, 723 (2012). Habeas relief is also warranted where a state court's evidentiary ruling was so egregious that it resulted in a denial of fundamental fairness and thus violated the petitioner's right to due process. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). A conviction based on unreliable expert testimony violates due process. See, e.g., *Han Tak Lee v. Glunt*, 667 F.3d 397 (3rd Cir. 2012).

17. The basis of his opinion was that arson fires burn at higher levels of heat and intensity. This was the same basis soundly rejected as being not only lacking reliability, and even if relevant, was outweighed by the prejudice and which denied due process meriting habeas relief in *Han Lee v. Superintendent Houtzdale SCI*, 14-3876 (3rd Cir. August 19th, 2015). The 3rd Circuit affirmed habeas relief because:

> "the admission of the fire expert testimony undermined the fundamental fairness of the entire trial because the probative value of [that] evidence, though relevant, [was] greatly outweighed by the prejudice to the accused from its admission." *Lee*, 667 F.3d at 403 (alteration in original) (citations and internal quotation marks omitted). Supra.

18. Petitioner is entitled to habeas relief where her conviction was based upon fundamentally unfair and unreliable evidence that the judge was required to keep out of the trial and thereby denied due process and a fair trial.

19. **Issue III Prosecutorial misconduct.** The prosecutor during closing made claims based upon misrepresentation of facts, and, insertion of facts not from the witness chair. Here, the prosecutor provided additional evidence during

closing, not subject to cross-examination, and used his position to make credibility determinations for the jury. Habeas relief is warranted in the form of a new trial. *United States v Francis,* 170 F3d 546, 549-550 (6th Cir., 1999); *Hodge v Hurley*, 426 F3d 689, (6th Cir., 2005); *Donnelly v DeChristoforo*, 416 US 637; 94 S Ct 1868; 40 L Ed 2d 431 (1974).

20. Equally egregious was the prosecutor's introduction of perjury that was allowed to go uncorrected concerning testimony provided by the victim's son concerning whether Todd was awake when he left prior to the fire, and to the availability and use of a cell phone that was contrary to the discovery materials and testimony given under oath during a deposition.

21. Knowingly presenting false testimony, *Giglio v United States,* 405 US 150, 153; 92 S Ct 763; 31 L Ed 2d 104 (1972), citing *Mooney v Holohan,* 294 US 103, 112; 55 S Ct 340; 79 L Ed 791 (1935), and failing to correct it once presented, *Giglio*, 405 US at 153, meriting habeas relief.

22. **Issue IV Ineffective assistance of counsel.** Petitioner makes separate and independent claims of ineffective assistance of counsel for actions and inactions taken or foregone beginning with the preliminary examination.

23. In this case, defense counsel did not familiarize himself with applicable standards or evidentiary requirements. Counsel failed to seek out information, consult with an expert, and failed to retain a cause and origin expert. In Habeas Corpus cases, it has been recognized that the failure to consult with or retain or call to the witness stand an expert witness was ineffective assistance of counsel. *Sims v Livesay*, 970 F2d

6

1575 (CA 6, 1992); *Leonard v Michigan*, 256 F Supp 2d 723 (WD Mich, 2003); *Holsomback v White*, 133 F3d 1382 (CA 11, 1998); *Pavel v Hollins*, 261 F3d 210 (CA 2, 2001); *Lindstadt v. Keane*, 239 F.3d 191 (2d Cir. 2001).

24. Had counsel performed even a perfunctory review of the case law and NFPA 921 standards, as discussed in Issue II, the non-scientific nature of Leroy Scott's speculations could have brought to the attention of the trial court and suppressed, and/or brought to the attention of the jury so they could reasonably disregard the prosecutor's alleged expert witness.

25. Trial counsel failed to file motions in limine regarding the alleged "expert testimony" concerning cause and origin of the subject fire without first demonstrating said testimony was in conformity with, and met the requirements of MCL 600.2955, MRE 402, 702 and *Daubert v.Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). MCL 600.2955 mirrors what the United States Supreme Court required in *Daubert v.Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

26. Trial counsel failed to prepare for cross-examination and was unable to conduct a constitutionally sufficient examination of the fire expert and the victim's son.

27. Similarly, trial counsel failed to present evidence. In this case there was information available to counsel that was not submitted to the jury, but was needed to keep the trial fundamentally fair. There also were the building permits and inspections that revealed the home was still under construction and had exposed rafters and areas that had not been sealed off for fire safety. There were police reports and

investigations of prior residential fires that were ruled to have been arson, and more importantly, Todd Stermer was named as the arsonist.

28. Here there was evidence the jury needed to know that was available, but not heard because of trial counsel's ineffectiveness. There is a reasonable probability of a different result from this error, warranting a new trial.

29. Petitioner wanted to testify, but was coerced by counsel not to testify under threat of abandonment.

30. Finally, trial counsel failed to object to the instances of prosecutorial misconduct discussed in the prior issue.

31. Petitioner submits counsel's conduct was neither strategic nor reasonable, and fell below the norms and standards of trial counsel in the area.

32. The evidence not presented to the jury combined with the testimony that would have excluded, provided the jury with more than a reasonable basis to find a not guilty verdict. A petitioner does not have to show that the result of the case "would have" been different to establish prejudice, nor that the result "probably" would have been different. All that is needed is a reasonable probability of a different result. *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

33. **Issue V Ineffective assistance of appellate counsel.** Petitioner raised in the state court, a claim of ineffective assistance of appellate counsel to demonstrate cause for not having included issues presented in a collateral attack in her appeal of right. Ineffective assistance of appellate counsel is "good cause" for failing to raise an issue in the appeal of right. *Edwards v Carpenter*, 529 US 446; 120 S Ct 1587;

8

146 L Ed 2d 518 (2000) *Murray v Carrier*, 477 US 478, 488; 106 S Ct 2639; 91 L Ed 2d 397 (1986); MCR 6.508(D).

34. Petitioner incorporates by reference her Brief in Support of Amended Petition filed contemporaneously with a Motion to Lift Stay.

### **RELIEF SOUGHT**

WHEREFORE, Petitioner LINDA STERMER moves this Honorable Court to grant the following relief:

a) Accept jurisdiction over this case;

b) Require the Respondent to answer the allegations in this Amended Petition and the Brief in Support;

c) Hold such evidentiary hearings as this Court may deem necessary or appropriate;

d) Issue an Order that this Court will grant a Writ of Habeas Corpus unless the State vacates the convictions and sentences within a specified time;

e) Issue a Writ of Habeas Corpus freeing Petitioner from her unconstitutional confinement.

Respectfully submitted,
/s/ SHELDON HALPERN
SHELDON HALPERN
shalpern@sbcglobal.net

_____
SHELDON HALPERN
Attorney for Petitioner Stermer
26339 Woodward Avenue
Huntington Woods, MI 48070
248-554-0400

Dated: January 23, 2016