# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LINDA STERMER,

        Petitioner,

Case Number: 2:12-CV-14013
HON. ARTHUR J. TARNOW

v.

MILLICENT WARREN,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S
## MOTION FOR RELEASE PENDING DECISION

Michigan state prisoner Linda Stermer filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her conviction for felony murder. Now before the Court is Petitioner's Motion for Release Pending Decision. Respondent has filed a response in opposition to the Motion for Release Pending Decision, and Petitioner has filed a reply. The Court denies Petitioner's motion.

Release on bond pending a decision on the merits of a habeas corpus petition is rarely granted. To qualify for release, a petitioner must show: (1) a substantial claim of law based on the facts surrounding the petition, and (2) the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate

that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Petitioner argues that she has raised three substantial claims of law based upon the facts surrounding the petition which support her motion for bond: (i) the evidence was insufficient to show that an arson occurred; (ii) the Michigan Court of Appeals' decision was based upon an unreasonable determination of the facts; and (iii) trial counsel allowed the admission of prejudicial, misleading, and unfair opinion evidence. The standard of review applied to a federal habeas corpus petition is an "exacting" one. *Bush v. Warden, Southern Ohio Correctional Facility*, 573 F. App'x 503, 513 (6th Cir. 2014). The state courts denied Petitioner's sufficiency of the evidence and ineffective assistance of counsel claims on the merits. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), *citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). In addition, to show that a state court's determination of the facts was unreasonable, it is insufficient that "the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290 (2010). Instead, it must be shown "that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007), quoting 28 § 2254(e)(1). Petitioner challenges a presumptively valid state court

conviction, and her convictions have been affirmed on state court direct and collateral review. Given the high level of deference afforded state court decisions and factual findings on habeas review, the Court finds that Petitioner's claims are not of such weight or merit that they present a substantial claim on the merits.

Petitioner's letter to the Court shows that her time in prison has been without incident and she appears to have maintained strong relationships with her immediate and extended family. She also appears to have a sincere desire to assist her elderly mother and stepfather. These factors do not distinguish Petitioner's situation from that of many other habeas petitioners. Those factors are relevant to state courts in deciding whether to grant release on bail pending trial or appeal, but not relevant to consideration of a habeas petitioner's request for release on bail because a habeas petitioner's conviction is final and presumptively valid. *Accord Aceval v. MacLaren,* No. 2:12-cv-1-897, 2015 WL 540615, *2 (E.D. Mich. Feb. 10, 2015) ("The loss of liberties such as employment, familial relations, and medical care from providers of his choice are ordinary circumstances incident to incarceration" and do not support release on bail pending resolution of a habeas petition."); *Ferrell v. Carr*, No. CIV-07-0261-HE, 2007 WL 4591275, *6 (W.D. Okla. Dec. 28, 2007) (denying habeas petitioner's motion for bond pending adjudication of petition and finding that petitioner's ties to the community and commitment to wife and children placed him in a similar situation to many fellow inmates); *Villa v. Straub,* No. 502-cv-128, 2005 WL 1875091, *1 (W.D. Mich. Aug. 5, 2005) (habeas petitioner's argument for bond based, *inter alia*, on strong family ties was

3

"neither unique nor compelling").

For the reasons stated, the Court DENIES Petitioner's Motion for Release Pending Decision (dkt. # 20),

                                        S/Arthur J. Tarnow
                                        Arthur J. Tarnow
                                        Senior United States District Judge

Dated: November 28, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 28, 2017, by electronic and/or ordinary mail.

                                        S/Catherine A. Pickles
                                        Judicial Assistant