UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA STERMER,

    Petitioner,

v.

MILLICENT WARREN,

    Respondent.

CASE NO. 2:12-cv-14013

HON. ARTHUR J. TARNOW

MAG. DAVID R. GRAND

**MOTION FOR RECONSIDERATION**

Respondent Millicent Warren, by and through attorneys Bill Schutte, Attorney General for the State of Michigan, and Andrea M. Christensen-Brown, Assistant Attorney General, pursuant to E.D. Mich. L.R. 7.1(h) moves this Honorable Court to reconsider its decision to grant an evidentiary hearing in its June 28, 2018, Order for the reasons set forth below.

Pursuant to E.D. Mich. L.R. 7.1(a), the State sought concurrence from the opposing party, which was declined.

1.    This Court has ordered an evidentiary hearing "with respect to Stermer's claims that her trial and appellate attorneys rendered ineffective assistance and that admission of expert witness Scott Leroy's

testimony violated her rights under the Due process Clause." (R. 34, Order Scheduling Evidentiary Hr'g, Page ID# 2870.)

2. This Court's order presumes that an evidentiary hearing is not barred by Supreme Court precedent. However, as noted in its answer opposing Stermer's request for habeas relief, the State maintains that the state trial court adjudicated the claims raised on collateral review on the merits—three of which are the claims this Court wishes to examine further in the evidentiary hearing. That the decision of the state court was "on the merits" was effectively conceded by Stermer in her reply to the State's answer in opposition to the petition because she argued to this Court that "the state court's adjudication of [her] claim resulted in a decision that was contrary to, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1). And was also "an unreasonable determination of the facts . . . [28 U.S.C. 2254(d)(2)]." (R. 25, Petitioner's Reply Br., Page ID# 2662.) This language denotes AEDPA's deferential standard of review, which applies in habeas cases where there has been an "adjudication on the merits." 28 U.S.C. § 2254(d) (Congress has limited the availability of federal habeas corpus relief "with respect to any claim" the state courts "adjudicated on the

merits."). While Stermer also attempts to argue that there is no deference to the state trial court's decision, she has not cited any clearly established *Supreme Court* precedent to support that position. (R. 25, Petitioner's Reply Br., Page ID# 2644; R. 28, Petitioner's Am. Reply Br., Page ID# 2666-67.)

3.  Because the state trial court rejected the claims this Court seeks to examine further on the merits—a point the State has maintained since its first responsive pleading—an evidentiary hearing is precluded. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see* R. 23, Answer in Opp'n to Pet. for Writ of Habeas Corpus, Page ID# 333 ("The trial court denied the motion for relief from judgment on the merits."). There is simply no basis for an evidentiary hearing in light of current Supreme Court precedent and the existing record of this case.

4.  Motions for reconsideration may be granted when the moving party shows: (1) a palpable defect; (2) by which the court and the parties were misled; and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3).

Accordingly, the State now asks this Court to reconsider its decision in light of the argument now presented.

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

**I. This Court should grant the State's motion for reconsideration because the claims the Court wishes to examine further through an evidentiary hearing have previously been adjudicated on the merits. As such, an evidentiary hearing is precluded under *Cullen v. Pinholster*, 563 U.S. 170 (2011).**

This Court has committed a palpable error in granting an evidentiary hearing in this case. United States Supreme Court precedent precludes such hearings when the claim(s) at issue have previously been adjudicated on the merits by a state court.

AEDPA "sharply limits the circumstances in which a federal court may issue a writ of habeas corpus to a state prisoner whose claim was 'adjudicated on the merits in State court proceedings.'" *Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017).

In *Cullen v. Pinholster*, the Supreme Court held that a federal court reviewing a state prisoner's habeas corpus petition is limited by statute to the record that was before the state court that adjudicated the claims on the merits. 563 U.S. at 170. In *Pinholster*, the federal district court held an evidentiary hearing regarding whether trial counsel was ineffective for failing to present evidence that petitioner was under extreme mental or emotional disturbance at the time of the

4

underlying murders. *Id.* at 179. The district court granted habeas relief, and the Ninth Circuit Court of Appeals affirmed after considering the new evidence from the district court hearing. The Supreme Court, however, concluded that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. The opinion of the Court was based on the past-tense language of the statute: "This backward-looking language requires an examination of the state-court decision at the time it was made." *Id.* at 182.

As the *Pinholster* decision reasons, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.* at 182-83. *Pinholster* clearly establishes that a district court judge is limited to evaluating a state prisoner's claim on habeas review based on the same evidence that the state court relied on to deny that claim on the merits. Here, the state trial court denied Stermer's motion for relief from judgment after it "examined the motion together with all files, records, transcripts, and correspondence, relating to the judgment under attack." (R. 29-3, Van Buren Cir. Ct. Order dated 2/28/14, Page ID# 2813.) Only after that review did it determine

5

that "the material reviewed along with the motions do not entitle [Stermer] to relief[.]" (*Id.*) The State maintains, as it did in its answer to Stermer's habeas petition, that the claims at issue were adjudicated on the merits. (R. 23, Answer in Opp'n to Pet. for Writ of Habeas Corpus, Page ID# 333 ("The trial court denied the motion for relief from judgment on the merits.")). And Stermer has presented no authority usurping *Pinholster*'s edict.

Thus, because the Van Buren County trial court addressed the merits of Stermer's claims of ineffective assistance of trial and appellate counsel, as well as that of evidentiary error—albeit in a summary fashion[1]—she is not entitled to an evidentiary hearing exploring evidence of National Fire Protection Agency standards that was (1) not copyrighted until after her 2010 conviction (2012), (*Id.*, Page ID# 2235), (2) not presented to a state court until her application for leave to appeal to the Michigan Supreme Court in February 2015 on collateral review, (R. 24-19, Delayed Application for Leave to Appeal, Page ID# 2208-27, 2234-75), and (3) not supported by an affidavit from a

---

[1] The fact that a state court rules on a federal claim in a summary fashion does not strip its decision of its character as an adjudication on the merits. *See Harrington v. Richter*, 562 U.S. 86 (2011).

6

purported expert in fire investigations until her amended reply brief to this Court (R. 28, Petitioner's Am. Reply Br., Page ID# 2691-92). Presentation of new evidence concerning the claims—whether through an evidentiary hearing or otherwise—in the federal courts is barred under *Pinholster*, 563 U.S. at 182-83.

The Sixth Circuit Court of Appeals reversed a grant of habeas relief in *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013), in part, because the district court erred in conducting an evidentiary hearing. The *Ballinger* Court held that even though the state court's discussion of the claim was brief, it was still a merits adjudication and the hearing should not have been held.

> Based on the United States Supreme Court's decision in *Pinholster*, the district court erred in granting Ballinger an evidentiary hearing on his ineffective-assistance-of-counsel claim. In *Pinholster*, the Court explained that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.* at 1400. Accordingly, district courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue. *See id*; *Atkins v. Clarke*, 642 F.3d 47, 49 (1st Cir. 2011).

> Based on its brief but reasoned discussion of Ballinger's ineffective-assistance claim, there is no doubt that the Michigan Court of Appeals resolved the claim on its merits.

7

*Ballinger*, 709 F.3d at 561; *see also Jackson v. Lafler*, 453 Fed. Appx 620, 622-23 (6th Cir. 2011) ("[A] state court decision that is summary in nature or unaccompanied by any explanation still counts as an adjudication "on the merits" (citing *Richter*, 562 U.S. at 98); *Berry v. Palmer*, 518 Fed. Appx. 336, 341-42 (6th Cir. 2013) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits" (citing *Richter*, 562 U.S. at 99)).

As discussed above, the state trial court's rejection of the claims raised in Stermer's motion for relief from judgment—including the claims this Court seeks to examine further in an evidentiary hearing—was on the merits. (R. 29-3, Van Buren Cir. Ct. Order dated 2/28/14, Page ID# 2813.) And again, this is a point that Stermer does not appear to contest. (R. 25, Petitioner's Reply Br., Page ID# 2662.) Nor has she presented any argument or evidence that would rebut the presumption that the state trial court adjudicated the claim on the merits. *Richter*, 562 U.S. at 99.

Because the state trial court's decision was on the merits, and therefore entitled to AEDPA deference, it is improper to recharacterize the state court decision as a non-merits one or to hold that the issue

8

was not addressed so that the federal courts may hold an evidentiary hearing, review the evidence, and issue a de novo decision. This is the very kind of thing that AEDPA is designed to foreclose – the replacement by the federal judiciary of the state judiciary's role. The point of the decisions in *Richter* and *Pinholster* are to apply habeas deference to state court merit decisions, and to foreclose the presentation of evidence to the federal courts in the first instance to impeach these decisions.

To the extent Stermer suggests that the state trial court put her in an untenable situation is not true. The trial court, in accordance with state court rules and procedures, found that Stermer had not met the standard for expanding the record and thus reviewed only the existing record for error. (R. 29-3, Van Buren Cir. Ct. Order dated 2/28/14, Page ID# 2812-14.) Stermer asserts that she was not at fault for lack of development of the record, but the trial court nonetheless found that she simply did not present a compelling case that would necessitate any further proceedings. (*Id.*)

In other words, Stermer is at fault for not persuading the trial court of the need for an evidentiary hearing. This does not strip the subsequent decision of the court in its opinion of its merits designation

9

nor does it otherwise give a federal habeas grounds to grant relief as the decision is entirely reasonable. And any claim regarding a violation of the state's own procedural rules is not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Moreover, Stermer's diligence in seeking an evidentiary hearing in the state courts is irrelevant in any event after *Pinholster*. Under *Pinholster*, whether Stermer was diligent in seeking an evidentiary hearing under § 2254(e)(2) or otherwise complied with that subrule is irrelevant as (e)(2) is only applicable if the state court decision is *not* an adjudication on the merits. The decision here, conversely, was on the merits and her presentation of evidence to support the claims seems to be increasing over time.

For the preceding reasons, and in light of the Supreme Court's decision in *Pinholster* and the Sixth Circuit decisions in *Ballinger*, *Jackson*, and *Berry*, Stermer is not entitled to an evidentiary hearing and this Court should address the claims raised on the existing record— the record that existed at the time the state trial court issued its denial of Stermer's motion for relief from judgment in 2014.

## CONCLUSION

For the reasons stated herein, the State respectfully requests that the Court grant the motion for reconsideration, reverse its order granting an evidentiary hearing on the indicated issues, and instead find that that Stermer's claims are meritless based on the record that was before the state trial court, which adjudicated the claims on the merits.

Respectfully submitted,

Bill Schuette
Attorney General

s/<u>Andrea M. Christensen-Brown</u>

Assistant Attorney General
Criminal Appellate Division
P.O. Box 30217
Lansing, MI  48909
(517) 373-4875
christensena1@michigan.gov
P71776

Dated: July 10, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2018, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

HONORABLE ARTHUR J. TARNOW
MAGISTRATE JUDGE DAVID R. GRAND
SHELDON HALPERN, ATTORNEY FOR PETITIONER

Respectfully submitted,

Bill Schuette
Attorney General

s/<u>Andrea M. Christensen-Brown</u>

Assistant Attorney General
Criminal Appellate Division
P.O. Box 30217
Lansing, MI  48909
(517) 373-4875
christensena1@michigan.gov
P71776