UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA STERMER,

    Petitioner,

-v-                                  Case No. 2:12-CV-14013
                                       HON. ARTHUR J. TARNOW

MILLICENT WARREN,

    Respondent.

_____/

**PETITIONER'S EX PARTE APPLICATION FOR**
**AUTHORIZATION AND PAYMENT OF EXPERT WITNESS**

Petitioner LINDA STERMER, by and through her attorney, Sheldon Halpern, and pursuant to 28 USC 3006A(e)(1) does make ex parte application for authorization and payment of expert witness, and states further in support:

    1.    This Court has set a date for an evidentiary hearing and Respondent requested an adjournment to obtain an expert.

    2.    Upon the granting of an evidentiary hearing, Rule 8(c) of the Rules governing Section 2254 Cases, make reference to and involves the provisions of 28 USC 3006A.

    3.    28 USC 3006A provides for services other than counsel in subsection (e) and permits requesting by way of ex parte application.

    4.    Pursuant to 3006A (e)(1): "Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is

1

financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services."

5. Petitioner has made claims that the evidence used to convict was legally inadmissible and contrary to existing standards and accepted methodology for fire investigation.

6. Petitioner provided the report of an expert Robert J. Trenkle relative to those existing standards and accepted methodology permits examination about the extent to which the testimony presented by the prosecution falls within the accepted principles, theories, and conclusions permitted by those learned in the field.

7. The testimony is also necessary to demonstrate that trial counsel was ineffective for not consulting with and not preparing the defense with input from an expert fire investigator.

8. It is reasonably probable that involvement of, and consultation with an expert would have changed the result in this case.

9. Petitioner is indigent and without funds as demonstrated by affidavits and financial statements provided, and is unable to pay for Trenkle's time and testimony at the upcoming evidentiary hearing.

10. Based on average rates and time involved for a fire investigation expert, the amount needed will be $3,000.00.

11. Petitioner seeks authorization for payment of expert witness fees.

12. The undersigned counsel verifies that there is good cause for appointment of an expert and the circumstances presented in this case merit appointment and authorization for payment.

## RELIEF SOUGHT

WHEREFORE, Petitioner asks this Court to accept this Application and enter appropriate Order authorizing the payment of expert witness fees.

Respectfully submitted,

/s/ SHELDON HALPERN
SHELDON HALPERN
shalpern@sbcglobal.net

---

SHELDON HALPERN
Attorney for Petitioner Stermer
26339 Woodward Avenue
Huntington Woods, MI 48070
(248) 554-0400

Dated: September 6, 2018