# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LINDA STERMER,

        Petitioner,               Case Number: 2:12-CV-14013
                                                HON. ARTHUR J. TARNOW

v.

MILLICENT WARREN,

        Respondent.

_____/

## ORDER GRANTING RESPONDENT'S
## MOTION FOR STAY PENDING APPEAL (Dkt. 67)

On December 20, 2018, the Court granted Petitioner Linda Stermer a conditional writ of habeas corpus. *Stermer v. Warren,* No.12-14103, 2018 WL 6696720 (E.D. Mich. Jan. 18, 2018). The Court ordered that, unless the State scheduled a new trial within 120 days, Petitioner must be unconditionally released. *Id.* at 23. Respondent has appealed the Court's decision and filed a motion for stay pending appeal. For the reasons stated, the Court grants Respondent's motion.

Because habeas proceedings are civil in nature, the general standards for governing stays of civil judgments guide courts when they consider whether to grant a stay pending appeal. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The factors to consider are: (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) whether the stay applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton*, 481 U.S. at 776.

Respondent has not made a strong showing that an appeal is likely to succeed on the merits. The prosecutor committed misconduct in his closing argument by commenting on the credibility of witnesses, repeatedly branding Petitioner, who did not testify, a liar, and misrepresenting critical facts of the case. Trial counsel's failure to object to the prosecutor's egregious and inflammatory behavior and failure to consult a fire investigation expert were constitutionally ineffective. The state court's resolution of these claims was an unreasonable application of Supreme Court precedent. Respondent's argument, which amounts to a disagreement with the Court's analysis, does not persuade the Court that the appeal is likely to succeed on the merits.

Second and third, the Court must consider whether the State will be irreparably injured without a stay and whether Petitioner will be irreparably injured by a stay. If a stay is denied, the State would need to simultaneously retry Petitioner and pursue an appeal or choose between these two options. A stay would allow the State to pursue its appeal and preserve the substantial resources a retrial will require. The State has a strong interest in not expending substantial resources to retry Petitioner while pursuing an appeal. The State's strong interest in a stay is not at odds in this case with Petitioner's "always substantial" interest in avoiding unconstitutional detention. *Hilton*, 481 U.S. at 777. Petitioner's interest is secured by her release on bond.

Finally, the fourth *Hilton* factor requires consideration of where the public interest lies. The public has a dual interest in the enforcement of the State's sentences and in the avoidance of unconstitutional detention. The public also has an interest in preserving

State resources on a trial that would prove unnecessary if the State prevails on appeal. Because Petitioner is released on bond, the public interest factor weighs in favor of staying the conditional writ.

The Court finds the interests of Petitioner, Respondent and the public are best served by granting a stay.

Accordingly, the Court GRANTS Respondent's Motion for Stay Pending Appeal (Dkt. 67) and the Court's Opinion and Order Granting a Conditional Writ of Habeas Corpus is STAYED PENDING DISPOSITION OF APPEAL pending in the United States Court of Appeals for the Sixth Circuit.

The Court ORDERS that, if the Sixth Circuit Court of Appeals affirms this Court's judgment conditionally granting a writ of habeas corpus, the stay shall automatically be lifted and the State must schedule a new trial within NINETY DAYS of issuance of the mandate or Petitioner shall be unconditionally released.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
United States District Judge

Dated: April 3, 2019