UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA STERMER,

        Petitioner,          Case Number: 2:12-14013
                                                       Honorable Arthur J. Tarnow

v.

MILLICENT WARREN,

        Respondent.
_____/

**ORDER MODIFYING TERMS OF CONDITIONAL WRIT**

On December 20, 2018, the Court granted Petitioner Linda Stermer a conditional writ of habeas corpus. The Court ordered that "[u]nless a new trial is scheduled within 120 days, Petitioner must be unconditionally released." *Stermer v. Warren*, 360 F. Supp. 3d 639, 670 (E.D. Mich. 2018). On April 3, 2019, the Court granted Respondent's motion for a stay pending an appeal to the Sixth Circuit Court of Appeals and modified the terms of the conditional writ to provide:

> The Court ORDERS that, if the Sixth Circuit Court of Appeals affirms this Court's judgment conditionally granting a writ of habeas corpus, the stay shall automatically be lifted and the state must schedule a new trial within NINETY DAYS of issuance of the mandate or Petitioner shall be unconditionally released.

(ECF No. 70, PageID.3618.)

The Sixth Circuit Court of Appeals affirmed the grant of a conditional writ, *Stermer v. Warren*, 959 F.3d 704 (6th Cir. 2020), and the mandate issued on June 8,

2020. (ECF No. 74.) To comply with the terms of the conditional writ, a new trial must be scheduled by September 6, 2020, or Petitioner must be unconditionally released.

The Court set the ninety-day deadline for retrying or releasing Petitioner in April 2019, well before the COVID-19 pandemic emerged. The Court could not and did not foresee this crisis or the resulting temporary suspension of jury trials in many jurisdictions, including Van Buren County Circuit Court. In light of this ongoing and unprecedented public health emergency, the Court will modify the conditional writ and allow the state an additional ninety days beyond the original ninety-day time period to schedule a new trial or unconditionally release Petitioner.[1]

If Petitioner's conviction is vacated in state court within the prescribed time period, the terms of the conditional writ would be satisfied because Petitioner would no longer be held pursuant to an unconstitutional conviction. *See Eddleman v. McKee*, 586 F.3d 409, 413 (6th Cir. 2009) ("[O]nce the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254.").

Finally, in a recently filed motion or relief from judgment, Petitioner argues that this Court should bar reprosecution in this case. The Court will address the merits of

---

[1] The Court recognizes the steps the state trial court has taken to prepare for a timely retrial in this case. (ECF No. 78-4, PageID.3809-3811.) The Court assumes integrity and competence on the part of state-court judges and nothing in the state court record before the Court rebuts those assumptions. *See Eddleman*, 586 F.3d at 413 ("The premise of federal habeas review is that state-court judges (like federal ones) sometimes make constitutional mistakes-not that they are any less conscientious in discharging their oaths than federal judges are.").

Petitioner's motion for relief from judgment, including a determination as to reprosecution, in a separate order.

    Accordingly, the Court modifies the terms of the conditional writ set forth in the Order Granting Stay (ECF No. 70) to allow Respondent an additional NINETY DAYS to schedule a new trial or unconditionally release Petitioner.

s/Arthur J. Tarnow<br>
ARTHUR J. TARNOW<br>
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2020