**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LINDA STERMER,

                Petitioner,                      Case Number: 2:12-14013
                                                  Honorable Arthur J. Tarnow

v.

MILLICENT WARREN,

                Respondent.

                                     /

**OPINION AND ORDER (1) DENYING IN PART THE MOTION FOR RELIEF FROM JUDGMENT (ECF No. 75); (2) TRANSFERRING IN PART THE MOTION FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS; (3) DENYING A CERTIFICATE OF APPEALABILITY; AND (4) DENYING MOTION TO STAY STATE COURT PROCEEDINGS (ECF No. 76)**

On December 20, 2018, the Court granted Petitioner Linda Stermer a conditional writ of habeas corpus. *Stermer v. Warren*, 360 F. Supp. 3d 639, 670 (E.D. Mich. 2018), *aff'd*, 959 F.3d 704 (6th Cir. 2020)  The conditional writ, as modified by subsequent orders, directs the State to schedule a new trial or unconditionally release Petitioner within 180-days of the issuance of the Sixth Circuit's mandate.[1]  Now before the Court

---

[1]  The original conditional writ required a new trial to be scheduled or Petitioner to be unconditionally released within 120 days from the Court's order.  (ECF No. 56.)  The Court later stayed the conditional writ pending disposition of Respondent's appeal and provided that, if the Sixth Circuit Court of Appeals affirmed the Court's judgment conditionally granting the writ, the State had ninety days from the date the mandate issued to schedule a new trial or unconditionally release Petitioner.  (ECF No. 70.)  On August 27, 2020, the Court modified the terms of the conditional writ to allow Respondent an additional ninety days to schedule a new trial or unconditionally release Petitioner.  (ECF No. 80.)

are two motions filed by Petitioner: a motion for relief from judgment; and a motion to stay state court proceedings pending resolution of the motion for relief from judgment. For the reasons that follow, the motion for relief from judgment is denied in part and transferred in part to the Sixth Circuit Court of Appeals.  The Court denies a certificate of appealability and denies the motion to stay state court proceedings.

## I.  Motion for Relief from Judgment

Petitioner seeks relief from judgment under Fed. R. Civ. P. 60(b)(3) and (6). Respondent contends that the motion should be transferred to the Sixth Circuit Court of Appeals as an unauthorized successive petition.  Alternatively, Respondent argues that the motion is untimely and meritless.

Under Rule 60(b), a party may seek relief from a final judgment for various reasons including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  To obtain relief, the movant must "show extraordinary circumstances justifying the reopening of a final judgment."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citation and internal quotation marks omitted).  When a petitioner files a Rule 60(b) motion in a § 2254 habeas proceeding, a district court must first determine whether the motion is a "true" Rule 60(b) motion or a second or successive habeas petition.  *Id.* at 530-33; *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) ("[W]hen faced with what purports to be a Rule 60(b) motion or a motion to amend, federal courts must determine ... if it is instead a second or successive application for habeas relief in disguise.").

A "true" Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.  Rule 60(b) motions are appropriate "when no 'claim' is presented," and "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction...." *Id.* at 533.  A Rule 60(b) motion is a second or successive petition when it "seeks to add a new ground for relief" or present new evidence.  *Id.* at 532.

Petitioner's motion raises two grounds for relief.  First, Petitioner contests the State's ability to comply with the conditional writ.  This argument does not "'seek[] vindication of' or 'advance[]' one or more 'claims.'"  *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 532).  Instead, it asks the Court to evaluate the State's compliance with the conditional writ.  This portion of Petitioner's motion is a "true" Rule 60(b) motion because, after issuing a conditional writ of habeas corpus, "a district court retains jurisdiction to determine whether the state has complied with its order."  *Balfour v. Howes*, 611 F. App'x 862, 864 (6th Cir. 2015) (*citing Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006)).  The Court therefore has jurisdiction to decide the merits of this claim.

Petitioner's argument that "it is clear and undisputed" that the COVID-19 pandemic has rendered it impossible for the state to schedule a retrial by September 6, 2020 does not warrant relief from judgment.  (ECF No. 75, PageID.3691.)  In addition to

being factually incorrect,[2] this argument was rendered moot by the recent modification of

the terms of the conditional writ.  By order dated August 27, 2020, the Court allowed

Respondent an additional ninety days to schedule a new trial or unconditionally release

Petitioner.  (ECF No. 80.)  Each of these options – retrial or unconditional release – is

individually sufficient to satisfy the conditional writ.  Petitioner has not established that

the terms of the conditional writ will not be satisfied within this deadline.  The Court will

not prospectively issue an unconditional writ and bar reprosecution based upon

unfounded speculation that the State will not comply with the conditional writ.  The

Court denies this part of the motion for relief from judgment.

---

[2]  The record before the Court shows that the state court has diligently sought to comply
with the terms of the conditional writ and that the has defense objected to a scheduled
trial date of September 4, 2020.  During an August 18, 2020 hearing, the trial court
described some of the circumstances surrounding a new trial date:

> The record reflects I relayed to the parties that I was positioning us to try
> this case on September 4th.  The prosecution noted they were able to try the
> case on that date.  I went through significant efforts to make that a
> possibility.  We're not yet approved to do trials by our Supreme Court and
> our local emergency order has us starting trials on September 9th if
> approved by the Supreme Court.  As Chief of the Court I changed that
> emergency order to allow us to begin trials on September 4th for the sole
> purpose of complying with the Federal Court's order in this case. With the
> aid of my jury clerk we issued emergency summons to gather a new jury
> pool on short notice.  I was researching the safety measures I need to put in
> place to get Supreme Court approval to try this case.  I communicated with
> our local Health Department regarding positivity rates in our county, I
> secured an off-site location to allow us to conduct jury selection while
> maintaining social distance measures.  After all of those efforts the defense
> objected strenuously to the notion of the case going to trial on September 4.

8/18/2020 Mot. Hearing Tr. at 11-2 (ECF No. 78-4, PageID.3810-11.)

Petitioner also seeks relief from judgment on the ground that the original case against her relied upon fabricated evidence and that her conviction was based upon "intentional misstatements used to manufacture probable cause." (ECF No. 75, PageID.3695.)  She claims to have new evidence to support this claim.  A motion that raises a new ground for relief "will of course qualify" as a successive petition, as will a motion that presents newly discovered evidence.  *Gonzalez*, 545 U.S. at  531, 532. Because Petitioner advances a new ground for relief based upon purportedly new evidence, this portion of her motion is a successive habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A).  If a petitioner has not obtained prior authorization to file a successive petition, the district court lacks jurisdiction to consider the petition and must transfer the petition or motion to the Sixth Circuit Court of Appeals. *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015) (citing *In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997)).  Petitioner has not obtained the required authorization and the Court will transfer this portion of the motion to the Sixth Circuit Court of Appeals.

## II.  Motion to Stay State Court Proceedings

Also before the Court is Petitioner's motion to stay state court proceedings until the Court adjudicates her motion for relief from judgment.

A federal judge may "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C. § 2251(a)(1).  The decision concerning whether to stay

state-court proceedings under § 2251(a)(1) is left to the sound discretion of the federal court. *McFarland v. Scott*, 512 U.S. 849, 858 (1994).  A federal court stay of state court proceedings is an extraordinary remedy that "should be undertaken in only the most limited, narrow, and circumscribed of situations, [such as] when the record clearly demonstrates a colorable showing that the trial will constitute a violation of the defendant's double jeopardy rights." *Gilliam v. Foster*, 63 F.3d 287, 290 (4th Cir.1995).

The motion to stay is rendered moot by today's decision because the motion for relief from judgment is no longer pending before the Court.  The motion will be denied.

### III.  Certificate of Appealability

The Court also denies Petitioner a certificate of appealability (COA) on the portion of her Rule 60(b) motion denied on the merits.  A certificate of appealability "is necessary not only to appeal the initial denial of a writ of habeas corpus, but also to appeal from the denial of a motion brought pursuant to Rule 60(b)." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir.2010).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 483.  Petitioner fails to show that reasonable jurists would find the decision denying in part the motion for relief from judgment to be debatable or wrong and the Court will deny a certificate of appealability.

### IV.  Order

For these reasons, the Motion for Relief From Judgment (ECF No. 75) is DENIED

IN PART and a certificate of appealability is DENIED.

The Clerk of Court is ORDERED to transfer the Motion for Relief from Judgment

to the Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631 and *In Re Sims*, 111

F.3d 45, 47 (6th Cir. 1997).

Petitioner's Motion for Order Staying State Court Proceedings (ECF No. 76) is

DENIED.

SO ORDERED.


                                        s/Arthur J. Tarnow
                                        ARTHUR J. TARNOW
                                        UNITED STATES DISTRICT JUDGE

Dated: August 31, 2020